UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES THORBURN, DEBRA K. THORBURN, and TULLOSS SPRINGS, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SCOTT FISH, LINDA FISH, UP DEVELOPMENT FRANKLIN, LLC, and BROTHERS LAND TRUST, LLC, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:13-cv-1431
Judge Trauger

## MEMORANDUM AND ORDER

On September 16, 2014, the court issued an Order granting a motion for partial summary judgment filed by the plaintiffs, Tulloss Springs, LLC ("Tulloss Springs"), James Thorburn, and Debra K. Thorburn (together, the "plaintiffs"). (Docket No. 83.) Now pending before the court is a Motion for Entry of Judgment under Rule 54(b) filed by the plaintiffs (Docket No. 84), which the defendants, Scott Fish, Linda Fish, UP Development Franklin, LLC ("UP Franklin"), and Brothers Land Trust, LLC ("BLT") (together, the "defendants"), have opposed (Docket No. 86). For the reasons stated herein, the Motion for Entry of Judgment will be denied.

## BACKGROUND

The parties in this action appear to have a long history of business dealings, which are summarized in previous opinions issued by this court, familiarity with which is assumed. (*See* Docket Nos. 74, 82.) The court's September 16, 2014 Order granted judgment as a matter of law to Tulloss Springs as to two of its claims against defendants UP Franklin and the Fishes.

1

Specifically, the court held that the plaintiffs were entitled to judgment as to their claims based on one of two promissory notes at issue because:

> It is undisputed that (1) the parties executed the Second Promissory Note in September 2011, providing that UP Franklin owed a debt to Tulloss Springs of $325,502.83, plus interest and other costs; (2) the Fishes executed personal guaranties, promising to pay UP Franklin's debt under the Second Promissory Note in case of default; (3) the debt became due in September 2013; and (4) the debt has not been paid.

(Docket No. 82 at 16.)

Following entry of the court's Order, on November 13, 2014, Tulloss Springs filed a motion to certify as a final judgment the court's September 16, 2014 Order pursuant to Federal Rule of Civil Procedure 54(b). (Docket No. 84.) Tulloss Springs argues that, because the remaining claims among the parties do not involve the Second Promissory Note, no just reason exists to delay entry of a final judgment. The defendants vigorously oppose the motion on the ground that an entry of final judgment is premature or, in the alternative, that there is "just reason" for delay in entering a final judgment.

## ANALYSIS

### I. Rule 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure states that a district court may, "[w]hen more than one claim for relief is presented in an action, . . . direct the entry of a final judgment as to one or more but fewer than all of the claims," provided that the court makes "an express determination that there is no just reason for delay and upon express direction for the entry of judgment." "The function of the district court under the Rule is to act as a dispatcher. It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

It is well settled that Rule 54(b) certifications are not granted routinely and, instead, courts should exercise discretion "in the interest of sound judicial administration." *Id.* "'The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice.'" *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (quoting *Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 454 (3d Cir. 1958)).

The Sixth Circuit has articulated certain factors that district courts should consider when determining whether it is the "appropriate time" for a final decision to be rendered in a multiple claims action. Among other factors, court should consider:

> (1) The relationship between the adjudicated claim and the nonadjudicated claim; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issues a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Corrosioneering*, 807 F.2d at 1283 (citing *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

## II.     Tulloss Spring's Rule 54(b) Motion

At this stage, the court concludes that final judgment as to Tulloss Spring's Second Promissory Note claims is inappropriate. As noted by the defendants, the remaining claims and counterclaim in the action may have the effect of setting off the judgment rendered against UP Franklin and the Fishes. Moreover, the plaintiffs' argument that the remaining claims primarily involve transactions that do not involve the Second Promissory Note is insufficient justification to render final judgment appropriate. The plaintiffs' remaining claims include (1) a money judgment claim against UP Franklin based on a breach of the Purchase Agreement; (2) a money

3

judgment claim against the Fishes based on a breach of the Purchase Agreement; (3) a money judgment claim against UP Franklin for breach of the duty of good faith and fair dealing; (4) a fraud claim against all defendants; (5) a declaratory judgment claim as to monies owed (or not owed) by the parties; (6) a wrongful foreclosure claim; and (7) a money judgment claim against UP Franklin for contribution and indemnification. A counterclaim also exists that alleges money owed by the plaintiffs to the defendant BLT (and its alter ego, Mr. Fish). Accordingly, it is possible—if not likely—that the resolution of the remaining claims in the action may set off the judgment sought to be made final. Moreover, the plaintiffs have not identified and the court has been unable to find any extraordinary circumstance that requires final judgment entered here "as an instrument for the improved administration of justice."

For these reasons, it is not an appropriate time to certify as a final judgment the court's September 16, 2014 Order.

## **CONCLUSION**

For the reasons stated herein, the plaintiffs' Motion for Final Judgment under Rule 54(b) is **DENIED**.

It is so **ORDERED**.

Enter this 5th day of December 2014.

_____
ALETA A. TRAUGER
United States District Judge

4